IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| LUCILLE BUTLER, individually, and as Special Administrator of the Estate of KEVIN LUCAS, deceased, | )<br>)<br>) |
| Plaintiffs, | ) No. 04 CV 2048<br>)<br>) The Honorable Michael P. McCuskey |
| v. | ) Magistrate Judge David G. Bernthal<br>) |
| VERMILLION COUNTY SHERIFF KENNETH O'BRIEN, SERGEANT FRANK SPORICH, VERMILLION COUNTY CORRECTIONAL OFFICERS SERGEANT MARK REYNOLDS, OFFICER MICHAEL SCHULL, OFFICER RICHARD LONG, AND LT. RAY LLEWWLLYN, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**MOTION TO VACATE ALL TECHNICAL DEFAULTS
AND FOR LEAVE TO FILE RESPONSIVE PLEADINGS TO
COUNTS I, II AND V OF PLAINTIFFS' COMPLAINT INSTANTER**

NOW COME the Defendants, VERMILION COUNTY SHERIFF KENNETH O'BRIEN, SERGEANT FRANK SPORICH, VERMILION COUNTY CORRECTIONAL OFFICERS SERGEANT MARK REYNOLDS, OFFICER MICHAEL SCHULL, OFFICER RICHARD LONG and LIEUTENANT RAY LEWELLYN, by and through one of their attorneys, MICHAEL W. CONDON of HERVAS, SOTOS, CONDON & BERSANI, P.C., and move this Honorable Court to vacate all technical defaults and for leave to file their responsive pleadings to counts I, II and V of Plaintiffs' complaint instanter.

In support of said motion, Defendants state as follows:

1. Plaintiffs filed their complaint on March 10, 2004 and then served Defendants with a waiver of summons.

2. Defendants filed their responsive pleadings to Plaintiffs' complaint on May 24, 2004. Said responsive pleadings consisted of a motion to dismiss various counts of Plaintiffs' complaint, a supporting memorandum of law as well as an answer to the remaining counts in Plaintiffs' complaint.

3. On August 13, 2004 this Court entered an order denying Defendants' motion to dismiss with regard to counts I, II and V.

4. Defendants attach hereto their respective answer to counts I, II and V of Plaintiffs' complaint.

5. The short delay in responding to Plaintiffs' complaint is in no way designed to prejudice or inconvenience any party to this action.

6. That no harm or prejudice will inure to any party to this action as the result of the granting of this motion.

WHEREFORE, the Defendants, the VERMILION COUNTY SHERIFF KENNETH O'BRIEN, SERGEANT FRANK SPORCICH, VERMILION COUNTY CORRECTIONAL OFFICERS SERGEANT MARK REYNOLDS, OFFICER MICHAEL SCHULL, OFFICER RICHARD LONG and LIEUTENANT RAY

LEWELLYN, pray this Honorable Court will grant their motion to vacate all technical defaults and for leave to file their responsive pleadings to counts I, II and V instanter.

                                                s/ MICHAEL W. CONDON
Michael W. Condon, Bar Number 06192071
HERVAS, SOTOS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL  60143-3156
Phone:  630-773-4774
Fax:  630-773-4851
mcondon@hscblaw.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| LUCILLE BUTLER, individually, and as Special Administrator of the Estate of KEVIN LUCAS, deceased, | ) ) ) ) No. 04 CV 2048 |
| Plaintiffs, | ) ) |
| | ) The Honorable Michael P. McCuskey |
| v. | ) Magistrate Judge David G. Bernthal ) |
| VERMILLION COUNTY SHERIFF KENNETH O'BRIEN, SERGEANT FRANK SPORICH, VERMILLION COUNTY CORRECTIONAL OFFICERS SERGEANT MARK REYNOLDS, OFFICER MICHAEL SCHULL, OFFICER RICHARD LONG, AND LT. RAY LLEWWLLYN, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ANSWER TO COUNTS I, II AND V OF PLAINTIFFS' COMPLAINT**

NOW COME the Defendants, VERMILION COUNTY SHERIFF KENNETH O'BRIEN, SERGEANT FRANK SPORCICH, VERMILION COUNTY CORRECTIONAL OFFICERS SERGEANT MARK REYNOLDS, OFFICER MICHAEL SCHULL, OFFICER RICHARD LONG and LIEUTENANT RAY LEWELLYN, by and through one of their attorneys, MICHAEL W. CONDON of HERVAS, SOTOS, CONDON & BERSANI, P.C., and, in answer to counts I, II and V of Plaintiffs' complaint state as follows:

## COUNT I

### [§ 1983 4th Amendment Claim for Failure to Provide Medical Attention - Sheriff Defendants]

28.     Plaintiff realleges paragraphs 1 through 27 as his paragraph 28.  Therefore, Defendants incorporate their answers to paragraphs 1 through 27 as their answer to paragraph 28 of Plaintiffs' complaint, as if fully set forth herein.

29.     The county sheriff Defendants, O'Brien and Sporich's [sic] a) failure to take any action whatsoever to treat, relieve, or revive Kevin, or to provide him with emergency medical care after taking him into custody, during or after placing him the padded call knowing these acts and/or omissions created a strong likelihood of death or great bodily harm constituted a failure to fulfill their duty to provide medical attention.  This failure to provide any medical attention, assistance and care included not contacting anyone for medical assistance, not informing anyone about the probability that decedent needed medical assistance, failing to turning him over to observe him prior to leaving him in the padded cell, not sitting him up prior to leaving him in the padded cell, not removing his hand restraints, not clearing his airway, not providing cardiovascular resuscitation, and/or not providing for, requesting, or seeking, emergency assistance to do any of the above.  Above Defendants' failure to act caused Kevin to be incapable of being revived, pain, suffering and, ultimately, his death.  Such failure to fulfill their duty to provide medical attention deprived him of his right to life as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Defendants deny the allegations contained in paragraph 29 of Plaintiffs' complaint.

30. These acts and omissions by the individual sheriff Defendants proximately caused Plaintiff's decedent Kevin Lucas to suffer the above enumerated physical and psychological injuries, pain, humiliation, and suffering, from the time the Defendants restrained him until his death.

**ANSWER:** Defendants deny the allegations contained in paragraph 30 of Plaintiffs' complaint.

31. The acts and omissions by the individual sheriff Defendants also proximately caused the death of Kevin Lucas.

**ANSWER:** Defendants deny the allegations contained in paragraph 31 of Plaintiffs' complaint.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to any judgment whatsoever against them, and pray this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

## COUNT II

### [§ 1983 4th Amendment Claim for Failure to Provide Medical Attention - Correctional Officer Defendants]

32. Plaintiff realleges paragraphs 1 through 27 as his paragraph 32. Therefore, Defendants incorporate their answers to paragraphs 1 through 27 as their answer to paragraph 32 of Plaintiffs' complaint, as if fully set forth herein.

33. The Correctional Officer Defendants, Llewellyn, Reynolds, Schull, and Long a) failure to take any action whatsoever to treat, relieve, or revive Kevin, or to provide him with emergency medical care after taking him into custody or after placing him the padded cell knowing these acts and/or omissions created a strong likelihood of death or great bodily harm constituted a failure to fulfill their duty to provide medical attention.  This failure to provide any medical attention, assistance and care included not turning him over, not sitting him up, not removing his hand restraints, not clearing his airway, not providing cardiovascular resuscitation, and/or not providing for, requesting, or seeking, emergency assistance to do any of the above.  Additionally, Defendant Llewellyn failed to properly supervise Defendants Reynolds, Schull, and Long after he learned that decedent was in a padded cell intoxicated, asthmatic and without his inhaler. Above Defendants' failure to act caused Kevin to be incapable of being revived, pain, suffering, and ultimately, his death.  Such failure to fulfill their duty to provide medical attention deprived him of his right to life as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Defendants deny the allegations contained in paragraph 33 of Plaintiffs' complaint.

34. These acts and omissions by the individual correctional officer Defendants proximately caused Plaintiff's decedent Kevin Lucas to suffer the above enumerated physical and psychological injuries, pain, humiliation, and suffering, from the time the Defendants restrained him until his death.

**ANSWER:** Defendants deny the allegations contained in paragraph 34 of Plaintiffs' complaint.

35. The acts and omissions by the individual correctional officer Defendants also proximately caused the death of Kevin Lucas.

**ANSWER:** Defendants deny the allegations contained in paragraph 35 of Plaintiffs' complaint.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to any judgment whatsoever against them, and pray this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

## Count V

**[§ 1983 4th Amendment Claim for Failure to Protect - All Defendants]**

52. Plaintiffs reallege paragraphs 1 through 36 as her paragraph 52. Therefore, Defendants incorporate their answers to paragraphs 1 through 36 as their answer to paragraph 52 of Plaintiffs' complaint, as if fully set forth herein.

53. The acts of the Defendants, O'Brien, Sporich [sic], Llewellyn, Reynolds, Schull, and Long in failing to protect Kevin Lucas from each other's, and the other Defendant's, deadly acts which included a) allowing Kevin to be placed in a cell without being searched, b) allowing Kevin to be placed in a cell without being physically or mentally assessed, and failing to contact a health care professional, c) failing to take any action to guarantee that if he had an asthma attack that he had an asthma inhaler, knowing these acts and their failure to protect Kevin from these acts created a substantial risk of

death or great bodily harm deprived Kevin of his right to life in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:**   Defendants deny the allegations contained in paragraph 53 of Plaintiffs' complaint, and specifically deny subparagraphs a, b and c, inclusive thereof.

54.   Said act of these Defendants caused pain and suffering to the deceased Kevin Lucas, and ultimately his death.

**ANSWER:**   Defendants deny the allegations contained in paragraph 54 of Plaintiffs' complaint.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to any judgment whatsoever against them, and pray this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

> s/ MICHAEL W. CONDON
> Michael W. Condon, Bar Number 06192071
> HERVAS, SOTOS, CONDON & BERSANI, P.C.
> 333 Pierce Road, Suite 195
> Itasca, IL  60143-3156
> Phone:  630-773-4774
> Fax:  630-773-4851
> mcondon@hscblaw.com

### FIRST AFFIRMATIVE DEFENSE

NOW COME the Defendants, VERMILION COUNTY SHERIFF KENNETH O'BRIEN, SERGEANT FRANK SPORCICH, VERMILION COUNTY CORRECTIONAL OFFICERS SERGEANT MARK REYNOLDS, OFFICER

MICHAEL SCHULL, OFFICER RICHARD LONG and LIEUTENANT RAY LEWELLYN, by and through one of their attorneys, MICHAEL W. CONDON of HERVAS, SOTOS, CONDON & BERSANI, P.C., and, for their first affirmative defense to Plaintiffs' complaint state as follows:

Defendants did not violate any clearly established constitutional rights of which a reasonable person would have known, thus entitling them to qualified immunity.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to any judgment whatsoever against them, and pray this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

s/ MICHAEL W. CONDON
Michael W. Condon, Bar Number 06192071
HERVAS, SOTOS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL  60143-3156
Phone:  630-773-4774
Fax:  630-773-4851
mcondon@hscblaw.com

### SECOND AFFIRMATIVE DEFENSE

NOW COME the Defendants, VERMILION COUNTY SHERIFF KENNETH O'BRIEN, SERGEANT FRANK SPORCICH, VERMILION COUNTY CORRECTIONAL OFFICERS SERGEANT MARK REYNOLDS, OFFICER MICHAEL SCHULL, OFFICER RICHARD LONG and LIEUTENANT RAY LEWELLYN, by and through one of their attorneys, MICHAEL W. CONDON of

HERVAS, SOTOS, CONDON & BERSANI, P.C., and, for their second affirmative defense to Plaintiffs' complaint state as follows:

With respect to Plaintiffs' state law claims, Defendants are immune from liability for the conduct alleged in Plaintiffs' complaint based on the various provisions of the Illinois Tort Immunity Act, including, but not limited to, §§ 2-201, 2-202 and 4-105.

WHEREFORE, the Defendants deny that the Plaintiffs are entitled to any judgment whatsoever against them, and pray this Honorable Court will enter judgment in their favor and allow for the costs of defending this lawsuit.

> s/ MICHAEL W. CONDON
> Michael W. Condon, Bar Number 06192071
> HERVAS, SOTOS, CONDON & BERSANI, P.C.
> 333 Pierce Road, Suite 195
> Itasca, IL  60143-3156
> Phone:  630-773-4774
> Fax:  630-773-4851
> mcondon@hscblaw.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| LUCILLE BUTLER, individually, and as Special Administrator of the Estate of KEVIN LUCAS, deceased, ) ) ) ) | ) No. 04 CV 2048 |
| Plaintiffs, ) | ) |
| v. ) | ) The Honorable Michael P. McCuskey ) Magistrate Judge David G. Bernthal ) |
| VERMILLION COUNTY SHERIFF KENNETH O'BRIEN, et al., ) ) ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2004, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Dennis J. DeCaro
    Kupets & DeCaro, P.C.
    30 N. LaSalle Street, Suite 4020
    Chicago, IL  60602
    djd0089@aol.com  ddecaro@kupetsdecaro.com

    s/ MICHAEL W. CONDON
    Michael W. Condon, Bar Number 06192071
    HERVAS, SOTOS, CONDON & BERSANI, P.C.
    333 Pierce Road, Suite 195
    Itasca, IL  60143-3156
    Phone:  630-773-4774
    Fax:  630-773-4851
    mcondon@hscblaw.com