IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

LUCILLE BUTLER, individually, and as )
Special Administrator of the Estate of )
KEVIN LUCAS, deceased, )
) No. 04 CV 2048
Plaintiffs, )
) The Honorable Michael P. McCuskey
v. ) Magistrate Judge David G. Bernthal
)
VERMILLION COUNTY SHERIFF )
KENNETH O'BRIEN, et al., )
)
Defendants. )

## PROTECTIVE ORDER

Defendants have moved for entry of this Protective Order for the protection of certain confidential information which may be produced or otherwise disclosed during the course of this litigation.

THEREFORE, this Court having determined that a Protective Order is necessary and appropriate pursuant to the terms of Rule 26(c) of the Federal Rules of Civil Procedure and the Court being otherwise fully advised in the premises:

IT IS HEREBY ORDERED that:

1. Materials and information protected by this Order shall include any and all official and unofficial personnel and disciplinary information of Defendants VERMILION COUNTY SHERIFF KENNETH O'BRIEN, SERGEANT FRANK SPORCICH, VERMILION COUNTY CORRECTIONAL OFFICERS SERGEANT MARK REYNOLDS, OFFICER MICHAEL SCHULL, OFFICER RICHARD LONG and LIEUTENANT RAY LEWELLYN, as provided in Defendants' response to Plaintiffs' request for documents and/or Defendants' depositions (hereinafter "Confidential Information").

2. Counsel for the Defendants shall have the right to redact from all documents produced in discovery any and all references to any individual police officer's personal and confidential information about himself/herself or his/her family, including the following: social security number, telephone numbers, driver's license number, insurance beneficiaries and identifying information about the officer's spouse and family members (including but not limited to names, addresses, date of birth and social security numbers and medical information).

3. To the extent that Defendants provide to Plaintiffs, or Plaintiffs provides to Defendants, the Confidential Information described in Paragraph 1 above, such Confidential Information shall be retained solely in the custody of Plaintiffs' attorneys and Defendants' counsel at all times during the pendency of this litigation and shall not be placed in the possession of or disclosed or divulged to any other persons except as set forth in Paragraph 4 below.

4. Confidential Information shall be maintained in confidence by Plaintiffs' and Defendants' counsel and shall not be disclosed to any person except:

   a. The Plaintiff;

   b. The Defendants;

   c. The Court and its officers;

   d. Stenographic reporters;

   e. Counsel for Plaintiffs and Defendants;

   f. Employees of counsel; and

   g. Experts retained by counsel.

5. Except as otherwise provided by this Order or by further order of the Court, Confidential Information shall be used for no purpose other than prosecuting or defending the above-captioned proceeding and shall be disclosed only to the persons identified in Paragraph 4.

6. Individuals or entities permitted access to Confidential Information pursuant to Paragraph 4 above are hereby ordered not to show, convey or reproduce any information or document so designated, or parts thereof, or copies thereof, or any matter contained therein, or any abstracts or summaries thereof, to any individual or to any entity who would not otherwise have access to said material under the provisions of this Order, unless they secure the written consent of the designating party or obtain permission from the Court, upon motion and with notice to all parties.

7. The restrictions regarding custody of the Confidential Information subject to this Order and the restrictions regarding disclosure of these materials contained herein also apply with equal force to any excerpts, analyses or summaries of such items or the information contained therein.

2

8.  In the event that Plaintiffs' counsel or Defendants' counsel cease acting as counsel for their respective parties in this litigation, then all Confidential Information, as defined herein, including any copies of excerpts, analyses or summaries thereof, shall be returned forthwith to opposing counsel, except that counsel shall not be required to return any attorney work product to opposing counsel. This provision shall not apply if Plaintiffs or Defendants retain other counsel who is also willing to be bound by the terms of this Protective Order. In the event Plaintiffs' or Defendants' attorneys retain attorney work product containing confidential materials, as defined herein, such attorney work product shall remain subject to the restrictions set forth in Paragraph 4 above.

9.  If either party receives a subpoena or legally enforceable order requiring disclosure of any Confidential Information received from another party, the recipient immediately shall provide notice thereof to the other party and to that party's counsel.

10.  Any party may apply to the Court for relief from, or modification of, this Order, for the removal of the confidential designation from any discovery materials, or extracts or portions thereof, for reclassification of confidential materials or for further protection of confidential discovery materials. The burden of persuasion regarding any party's confidentiality designation shall be governed by Rule 26(c) of the Federal Rules of Civil Procedure and the applicable caselaw.

11.  This Order is without prejudice to the rights of any party to object to the production of documents or information which it considers to be privileged and shall not be considered a waiver of any applicable privilege or immunity from discovery or as a concession by the designated party that such information is relevant or material to any issue.

12.  The entry of this Protective Order and the execution of its underlying stipulation shall not, in itself, preclude the recipient of Confidential Information from communicating with third parties except with information derived solely from documents, interrogatory answers or other information designated herein as "Confidential."

13.  This Order shall not prevent any Confidential discovery materials from being used by the Court or counsel of record at any hearing in this action, or from being offered and received into evidence at trial, subject to such confidentiality measured as the Court may then prescribe.

14.  The parties shall incorporate into the Final Pretrial Order procedures for utilizing and disclosing during trial information designated pursuant to this Order as "Confidential."

15.  Within sixty (60) days after termination of this litigation, whether by final judgment and appeal or by settlement, the parties shall return to the originating source all materials and documents designated as Confidential Information, as well as all copies, summaries and abstracts thereof, or the materials shall be destroyed in a mutually agreeable manner. If the originating party requests the return of the materials, it shall be the party's burden to arrange for pickup of those items. If any Confidential Information is filed with the Court, the party designating the information shall have the right, upon termination of this litigation by final judgment and appeal or settlement, to remove the "Confidential" material from the Court file,

3

provided that, if the material is not withdrawn from the Court file within sixty (60) days after the termination of this litigation, said items of "Confidential" material shall become part of the public record.

16.  This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled, vacated or otherwise modified by Order of this Court.

17.  Anyone with knowledge of the contents of this Order shall be bound by its terms.

IT IS SO ORDERED THIS **3rd** DAY OF **February**, 2005.

Entered:

s/ DAVID G. BERNTHAL
United States Magistrate Judge

APPROVED:

LUCILLE BUTLER, individually, and as
Special Administrator of the Estate of
KEVIN LUCAS, deceased.

By: s/Dennis J. DeCaro

   Mr. Dennis J. DeCaro
   Kupets & DeCaro, P.C.
   30 N. LaSalle Street, Suite 4020
   Chicago, IL 60602
   (312) 372-4444


VERMILION COUNTY SHERIFF KENNETH
O'BRIEN, SERGEANT FRANK SPORCICH,
VERMILION COUNTY CORRECTIONAL
OFFICERS SERGEANT MARK REYNOLDS,
OFFICER MICHAEL SCHULL, OFFICER RICHARD
LONG and LIEUTENANT RAY LEWELLYN


By: s/Jason W. Rose

   Jason W. Rose
   Hervas, Sotos, Condon & Bersani, P.C.
   333 Pierce Road, Suite 195
   Itasca, IL 60143-3156
   (630) 773-4774