IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CENTRAL DIVISION

| | | |
|---|---|---|
| LUCILLE BUTLER, individually, and as Special Administrator of the Estate of KEVIN LUCAS, deceased. | ) ) ) | |
| | ) | No. 04-2048 |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | |
| VERMILLION COUNTY SHERIFF KENNETH O'BRIEN, SERGEANT FRANK SPORICH, VERMILLION COUNTY CORRECTIONAL OFFICERS SERGEANT MARK REYNOLDS, OFFICER MICHAEL SCHULL, OFFICER RICHARD LONG, AND LT. RAY LLEWWLLYN, | ) ) ) ) ) ) ) | Jury Demand |
| Defendants. | ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE A THIRD AFFIRMATIVE DEFENSE

Plaintiffs' through counsel responds to Defendants' Motion for Leave to File Defendants' Third Affirmative Defense, and in support state the following:

1.      This matter is set for trial on June 26, 2006. All fact discovery has been done, plaintiffs' experts have been deposed and the only discovery left is the depositions of defendants' experts. Defendants' right to file an additional affirmative defense at this stage has been waived, would be prejudicial to the plaintiffs and is not supported by law.

The defendants are moving to file a contributory negligence affirmative defense in this civil rights case wherein all of plaintiffs' claims are based upon the defendants' intentional, wilful and wanton, and/or reckless conduct. Preliminarily it must be pointed out that,

1

"[c]ontributory negligence would bar recovery in a negligence action only; it is no defense where the defendant's misconduct is intentional or wilful and wanton." *Peterson v. Campbell,* 105 Ill. App. 3d 1169, 1172, 434 N.E.2d 1169, 1172 (3rd Dist. 1982), citing, *Lake Shore & M. S. Ry. Co. v. Bodemer,* 139 Ill. 596, 29 N.E. 692 (1892). See also, *Burke v. 12 Rothschild's Liquor Mart,* 148 Ill.2d 429, 593 N.E.2d 522 (1992). The Court in *Poole v. City of Rolling Meadows,* 167 Ill.2d 41, 656 N.E.2d 768 (1995) did draw a distinction between wilful and wanton behavior and reckless behavior; however, the need for that distinction arose from the ambiguous language of the Wilful and Wanton Illinois Pattern Jury Instruction No. 14.01. This should end the Court's inquiry, but there are additional reasons to deny Defendants' Motion.

    2.    Defendants' support their motion with evidence that the decedent died from cocaine and alcohol intoxication. This information was known to the defendants when they filed their Answer, Affirmative Defenses and Motion to Dismiss to Plaintiff's initial Complaint on May 24, 2004. (Answer, Affirmative Defenses and Motion were filed as Docket Nos. 6-8) This information was known to the defendants when they filed their Answer and Affirmative Defenses to Plaintiff's Amended Complaint on May 24, 2005. (Answer and Affirmative Defenses were filed as Docket No. 29) Contributory negligence was not raised in either of Defendant's two prior affirmative defenses.

    The Autopsy Report concluding that Kevin Lucas died from cocaine and alcohol intoxication was signed and completed on June 19, 2003. The Coroner's Inquest, which counsel for both parties attended, was conducted on June 25, 2003, wherein the coroner read relevant portions of the Autopsy Report and reiterated that Kevin Lucas died from cocaine and alcohol intoxication. (Transcript of the Coroner's Inquest is attached as Exhibit 1)

On August 6, 2004, the Defendants' made their Rule 26 Disclosures wherein they disclosed that forensic pathologist, Dr. Denton, may testify at trial for the defendants. Dr. Denton performed the decedent's autopsy and prepared the report. Defendants also listed, and forwarded to the plaintiffs, the June 25, 2003 transcript of the Coroner's Inquest. (See Def. Rule 26 Disclosures attached as Exhibit 2) Plaintiff's Rule 26 Disclosure identified, and forwarded to the defendants, Dr. Denton's June 19, 2003 Autopsy Report. The Report also contained the Illinois State Police laboratory report identifying the drugs and alcohol found in the decedent's blood.

The defendants were aware of the decedent's cause of death and basis for the death well before filing their responsive pleadings to Plaintiffs' Complaint and Amended Complaint. The defendants do not proffer any excuse for the delay in bring this affirmative defense.

3.      Federal Rule of Civil Procedure 8(c) requires that defendants raise all affirmative defenses that will defeat the allegations in the complaint in a responsive pleading. *Castro v. Chicago Housing Authority,* 360 F.3d 721, 735 (7th Cir. 2004)   The Seventh Circuit has stated numerous times that if a defendant does not raise defenses at the time of filing an answer, those defenses are deemed waived. See, e.g., *Perry v. Sullivan*, 207 F.3d 379, 382 (7th Cir.2000). The court emphasized in *Venters v. City of Delphi*, 123 F.3d 956, 969 (7th Cir.1997):

> We recognize that the [affirmative] defense may have been meritorious; and [the plaintiff's] counsel should have had some inkling that the defense might be raised .... But ... if Rule 8(c) is not to become a nullity, we must not countenance attempts to invoke such defenses at the eleventh hour, without excuse and without adequate notice to the plaintiff. (Emphasis in original.)

The affirmative defense of contributory negligence of the decedent ingesting cocaine and alcohol has been waived by the defendants.

4. The plaintiffs would be prejudiced by allowing the defendants to now argue that the decedent, in effect, killed himself. This is not a suicide case, but the plaintiffs would have to prosecute it as such if this affirmative defense were allowed. Had this defense been raised in 2003 or even 2004, the plaintiffs would have taken an entirely different approach to the case, and would have modified their theory of the case. The plaintiffs' would now be precluded from presenting expert testimony to rebut the decedent's negligence. If this affirmative defense were allowed, the jury would merely be allowed to conclude that the decedent was negligent based upon the fact that a medical examiner concluded that he died of alcohol and cocaine intoxication and that he is dead.

Had contributory negligence been at issue from the responsive pleading stage of this case, the plaintiffs would have employed a toxicologic expert and psychiatric expert to explain to the jury that the decedent would have been incapable of being contributorily negligent. The Illinois Supreme Court *Hobart v. Shin,* 185 Ill.2d 283, 290, 705 N.E.2d 907, 911 (1998) found the person's ability to reason at the time of the alleged contributory negligence to be the relevant inquiry before allowing the affirmative defense. Here, the plaintiffs would be denied expert evidence regarding the decedent's mental state.

Plaintiffs would have also have hired a forensic pathologist to exhume the body and examine it for evidence of forced ingestion of the cocaine, and to either verify or challenge the finding of alcohol and cocaine intoxication. The plaintiffs have not challenged the cause of death to this point because it has not been a issue effecting Plaintiffs' theory of the case prior to

this Motion. There is no reason or excuse as to why the defendants did not raise this affirmative defense prior to now.

5. Defendants' rely on *Hobart v. Shin*, for authority to support their Motion; that reliance is misplaced. The holding in *Hobart* is fact specific to suicide medical malpractice cases. Plaintiff's theory was based on medical negligence. The *Hobart* Court held that doctors that have been sued by the estate of mentally disturbed patients with suicidal tendencies, who then kill themselves, are entitled to employ the affirmative defense of contributory negligence if the person was capable of reason at the time they killed themself. *Hobart,* 185 Ill.2d at 290-291, 705 N.E.2d at 911. The Court reasoned that to rule other wise would make the doctor the absolute insurer of any patient exhibiting suicidal tendencies. *Id.* Further, that no health care provider would insure doctors for such treatment and that such patients would then go untreated. *Id.* The Court, when determining whether to allow the affirmative defense, focused on whether the individual was mentally competent at the time of his/her suicide to be capable of contributory negligence; could the person "reason." *Id.* Plaintiffs' here, at the eleventh hour, would be denied expert testimony on that point, unless expert discovery is reopened and the trail is continued.

Wherefore, Plaintiffs' respectfully request an Order denying Defendants' Motion.

**s/ Dennis J. DeCaro**
DeCaro Bar Number: 6230675
Attorney for the Plaintiffs
Kupets & DeCaro, P.C.
30 N. LaSalle Street, Suite 4020
Chicago, Illinois 60602
Telephone: 312-372-4444

Fax: 312-726-7347
E-mail: djd0089@aol.com

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CENTRAL DIVISION

| | | |
|---|---|---|
| **LUCILLE BUTLER, individually, and as Special Administrator of the Estate of KEVIN LUCAS, deceased.** | ) ) ) | No. 04-2048 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| **VERMILLION COUNTY SHERIFF KENNETH O'BRIEN, SERGEANT FRANK SPORICH, VERMILLION COUNTY CORRECTIONAL OFFICERS SERGEANT MARK REYNOLDS, OFFICER MICHAEL SCHULL, OFFICER RICHARD LONG, AND LT. RAY LLEWWLLYN,** | ) ) ) ) ) ) ) | Jury Demand |
| Defendants. | ) | |

Certificate of Service

_____ I hereby certify that on March 3, 2006, I electronically filed the foregoing Plaintiffs' Response to Defendans' Motion for Leave to File a Third Affirmative Defense with the Clerk of the Court using the CM/ECF system that will send notification of such filing(s) to the following, and served the Defendant with the Response and with the all attachments:

Jason Rose        Email:        jrose@hcbattorneys.com

Michael W. Condon    Email:        mcondon@hcbattorneys.com

                              s/ Dennis J. DeCaro
                              DeCaro Illinois Bar Number: 6230675
                              Kupets & DeCaro, P.C.
                              30 N. LaSalle Street, Suite 4020
                              Chicago, Illinois 60602
                              Telephone: 312-372-4444
                              Fax: 312-726-7347
                              e-mail: djd0089@aol.com